United States District Court
Southern District of Texas
**ENTERED**
December 04, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PAULINA CAVAZOS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-395 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION and ORDER

Pending before the Court is the self-styled "Defendants' Opposed Motion for Summary Judgment,"[1] filed by State Farm Lloyds ("State Farm") and Cesar Rodriguez ("Rodriguez") (collectively "Defendants"). In turn, Paulina Cavazos ("Mrs. Cavazos") and Ramiro Cavazos ("Mr. Cavazos") (collectively "Plaintiffs") timely filed two identical responses.[2] Defendants then filed a reply; however, the Court notes that the reply was not filed until almost two months after Plaintiffs' response.[3] Therefore the reply is considered untimely.

Additionally, Plaintiffs have filed the self-styled "Plaintiffs Paulina and Ramiro G. Cavazos' Opposed Motion for Leave to File First Amended Complaint."[4] Defendants have responded in opposition,[5] and Plaintiffs have replied.[6] After considering the motions, responses, record, and relevant authorities, the Court **DENIES** Plaintiffs' motion for leave to file an amended complaint and **DENIES** Defendants' motion for summary judgment in its entirety.

---

[1] Dkt. No. 38 ("Motion").
[2] Dkt. No. 46; Dkt. No. 47 ("Response").
[3] Dkt. No. 50.
[4] Dkt. No. 45.
[5] Dkt. No. 48.
[6] Dkt. No. 49.

## I.      Background

Plaintiffs' claims arise from wind and hail storms that struck the Rio Grande Valley in March and April of 2012, causing damage to their property.[7] Plaintiffs allege that the property suffered damages which included damages to the ceilings, walls, insulation, electrical wiring, flooring, fence, and doors.[8] On or about May 8, 2012, Plaintiffs filed an insurance claim with State Farm regarding the damages suffered by the property due to the 2012 storms.[9] State Farm initially inspected the property on May 21, 2012, and another inspection was conducted by Rodriguez, on behalf of State Farm, on June 23, 2012.[10] At the conclusion of the second inspection, State Farm estimated damages totaling an amount of $507.43, which did not meet the deductible of Plaintiffs' policy. State Farm thus closed the file despite Plaintiffs informing State Farm that they were not satisfied and would seek an attorney.[11]

On April 16, 2014, Plaintiffs filed their lawsuit in state court alleging claims for breach of contract, multiple violations of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, common law fraud, and conspiracy to commit fraud.[12] On May 29, 2014, the case was removed to this Court by Defendants on the basis of diversity jurisdiction.[13] On February 3, 2015, Plaintiffs demanded appraisal under the terms of the policy at issue, which states in relevant part:

> If you and we fail to agree to the amount of loss, either one can demand that the amount of the loss be set by appraisal.  If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser.  Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand.  The two appraisers shall then select a competent, impartial umpire.  If the two appraisers are unable to agree upon an umpire within 15 days, you or we

---

[7] Dkt. No. 1, Exh. A ("Plaintiffs' Original Petition") at p. 8 ¶ 14.
[8] *Id.*
[9] *See* Motion at  ¶ 3.
[10] *Id.*
[11] Motion, Exh. B-1 at p. 2.
[12] Plaintiffs' Original Petition at ¶¶ 35- 80.
[13] Dkt. No. 1.

can ask a judge of a court of record in the state where the residence premises is located to select an umpire.  The appraisers shall then set the amount of the loss. If the appraiser submits a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire.   Written agreement signed by any two of these three shall set the amount of the loss.[14]

On March 3, 2015, the Court abated the case pending completion of the appraisal process.[15] Plaintiffs selected Shannon Cook ("Cook") as their appraiser and State Farm selected Robert Hovanec ("Hovanec") as its appraiser. On May 13, 2015, State Farm received an appraisal award in the total amount of $22,271.23 signed by both Cook and Hovanec.[16] Subsequently, the actual cash value payment of the award was sent to Plaintiffs' counsel on May 19, 2015.[17] On September 1, 2015, the Court lifted the abatement.[18] The Court now addresses the merits of the pending motions.

## II.    Plaintiffs' Motion for Leave to File Amended Complaint

After Defendants' filed their motion for summary judgment, and 517 days after Plaintiffs filed their original claim in state court, Plaintiffs filed a motion for leave to file their first amended complaint. Regarding ordinary requests for leave to amend, Federal Rule of Civil Procedure directs courts to "freely give leave when justice so requires."[19] In *Foman v. Davis*,[20] the Supreme Court held that such leave should only be denied due to reasons such as "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of amendment."[21]  Additionally, the Fifth Circuit has clarified that

---

[14] Motion, Exh. A at p. 30, ¶ 4.
[15] Dkt. No. 35.
[16] Motion, Exh. B-5 at p. 2.
[17] Dkt. No. 36 at ¶ 3.
[18] Dkt. No. 42.
[19] FED. R. CIV. P. 15(a)(2).
[20] 371 U.S. 178 (1962).
[21] *Id*. at 182.

"[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court . . . ."[22]

As basis for the motion, Plaintiffs allege that they "promptly moved for leave to amend their pleading upon realizing that they needed to more specifically allege that State Farm misrepresented the coverage that would be afforded under Plaintiffs' insurance policy,"[23] and that "Defendants will not be prejudiced by Plaintiffs' amended pleading because there is no undue delay, and Plaintiffs are not seeking the amendment in bad faith."[24] However, Plaintiffs proffer no reason as for why they only recently realized they needed more specific allegations, and as noted above, almost 17 months passed before Plaintiffs filed their request. The Court believes sufficient time has passed in which Plaintiffs could have examined their claims and requested permission to amend their complaint. Furthermore, the Court believes Plaintiffs' requested relief suggests bad faith since it appears to be for the sole purpose of avoiding summary judgment. Finally, as appraisal has now been completed, State Farm would suffer undue prejudice. Thus, in its discretion, the Court **DENIES** the motion for leave to amend.

### III.   Summary-Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25]  A fact is "material" if its resolution could affect the outcome of the action,[26] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-

---

[22] *Wimm v. Jack Eckerd Corporation*, 3 F.3d 137, 139 (5th Cir.1993).
[23] Dkt. No. 45 at ¶ 7.
[24] *Id*.
[25] FED. R. CIV. P. 56(a).
[26] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

movant."[27]   As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[28]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[29]  In this showing, "bald assertions of ultimate fact" are insufficient.[30]  Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[31]  On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[32]  If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[33]  This demonstration must specifically indicate facts and their significance,[34] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[35]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[36]  Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but

---

[27] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

[28] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[29] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[30] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).

[31] *See Celotex Corp.*, 477 U.S. at 323.

[32] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).

[33] *See id.*

[34] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[35] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[36] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

disregards evidence the jury is not required to believe.[37]  However, rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[38]  Parties may cite to any part of the record, or bring evidence in the motion and response.[39]  By either method, parties need not proffer evidence in a form admissible at trial,[40] but must proffer evidence substantively admissible at trial.[41]

Since federal jurisdiction is invoked on the basis of diversity of citizenship, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[42]  Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[43]

In support of their position that the Court should dismiss Plaintiffs' claims because the appraisal process has been properly completed, Defendants have attached a copy of the insurance policy at issue ("the Policy"),[44] a declaration by State Farm claim specialist Kanitra Brooks,[45] State Farm's activity notes regarding the filed claim,[46] State Farm's original estimate based on the June 2012 inspection,[47] Plaintiffs' appraisal demand,[48] State Farm's appointment of appraiser,[49] the signed appraisal award,[50] and a letter from State Farm confirming payment of the

---

[37] *See id.*
[38] *See* FED.R.CIV. P. 56(e).
[39] *See* FED. R. CIV. P. 56(c).
[40] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[41] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[42] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[43] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[44] Motion, Exh. A ("Policy").
[45] Motion, Exh. B.
[46] Motion, Exh. B-1.
[47] Motion, Exh. B-2.
[48] Motion, Exh. B-3.
[49] Motion, Exh. B-4.

appraisal award to Plaintiffs.[51] Plaintiffs have not objected to any of these materials.[52] For their part, Plaintiffs rely on the affidavit of Mr. Cavazos,[53] and "[r]elevant pages from [the] claim file produced by State Farm,"[54] as their summary judgment evidence.

### IV.    Discussion

Defendants' argument in favor of summary judgment proceeds sequentially to address the claim for breach of contract before the extra-contractual claims, a rubric which the Court finds helpful for the analysis.

### A.  Breach of Contract

In Texas, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[55] The parties do not dispute that they entered into a valid contract, or that Plaintiffs' property was insured by State Farm at the time it was damaged by the hailstorm. However, Defendants claim that Plaintiffs are estopped for maintaining a breach of contract claim as a matter of law based on its timely payment of the appraisal award.[56] However, while an appraisal award may "bar[] the insured from using the difference in the amount of the appraisal award and the amount of the insurer's initial payment as evidence of the insurer's breach of contract; it does not prevent the insured from litigating his breach of contract claim using other evidence."[57]

---

[50] Motion, Exh. B-5.
[51] Motion, Exh. B-6.
[52] Response at ¶ 9.
[53] Response, Exh. A.
[54] Response, Exh. B.
[55] *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, rehearing overruled)).
[56] Motion at ¶ 6.
[57] *Graber v. State Farm Lloyds*, No. 3:13-CV-2671-B, 2015 WL 3755030, at *4 (N.D. Tex. June 15, 2015).

For their part, Plaintiffs do not dispute that an award was issued by both Cook and Hovanec on May 13, 2015, or that payment was tendered on May 19, 2015 by State Farm pursuant to the award.[58] Nevertheless, Plaintiffs contend that State Farm is still in breach of contract because it failed to include in its initial estimate and payment all covered damages,[59] and its delayed payment is "preventing Plaintiffs from recovering replacement cost benefits [i.e. recoverable depreciation] for their damages."[60] As to the first argument, Plaintiffs point to evidence that State Farm's initial estimate included only the roof, whereas the appraisal process determined additional areas of damage.[61] Thus, Plaintiffs contend their claim is not premised simply on the difference in what should have been paid, but on what should have been covered. While the appraisal award now resolves the issue of both the covered damage and amount of loss, it does not resolve the entire case. In particular, it does not resolve Plaintiff's second argument.

As basis for their second argument, Plaintiffs first direct the Court's attention to the following clause in the Policy which states:

**SECTION I - LOSS SETTLEMENT**

**COVERAGE A – DWELLING (Applicable to HOMEOWNERS POLICY)**

**A1 – Replacement Cost Loss Settlement – Similar Construction** is replaced with the following:

a. [State Farm] will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **Section I – Coverages, Coverage A – Dwelling** . . . subject to the following:

---

[58] Response at ¶ 16.
[59] *Id*. at ¶ 44.
[60] *Id*. at ¶ 46.
[61] Motion, Exh. B-5.

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property . . . ;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, . . . ;

 (3) to receive any *additional* payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property *within two years after the date of loss*, and notify us within 30 days after the work has been completed . . . .[62]

In the instant case, two years after the date of loss to Plaintiffs' property was April 20, 2014. However, as noted earlier, Plaintiffs did not receive any payment from State Farm until the appraisal award was tendered on May 19, 2015. Thus, it was impossible for Plaintiffs to have complied with the two year provision in the contract because by the time Plaintiffs received payment, the two years had already expired.

In an attempt to address this issue, State Farm included a letter[63] with its May 19, 2015 payment informing Plaintiffs that since the two years had passed, Plaintiffs must now "complete all the repairs and/or replacement of the damaged property by October 15, 2015 in order to be entitled to replacement cost benefits and be paid the depreciation withheld from State Farm's payment."[64] State Farm has not explained to the Court how it concluded that October 15, 2015, a date less than five months from the date when Plaintiffs actually received the appraisal payment, would be the date by which Plaintiffs must complete the repairs in order to receive withheld depreciation.

The Court notes that Defendants' unilateral decision to afford Plaintiffs additional time to complete repairs is not dispositive of whether State Farm is in breach of contract. Rather, what Plaintiffs argue is that State Farm's delay constitutes a breach because "[i]f Plaintiffs are unable

[62] Policy at p. 6.
[63] Motion, Exh. B-6 at p. 3.
[64] Response at ¶ 45.

9 / 11

to complete the repairs by [the date imposed by State Farm], Plaintiffs will lose their contractual right to recover the $6,396.04 withheld as depreciation from the payment of the appraisal award."[65]

After considering the evidence and arguments, the Court agrees with Plaintiffs that the evidence presented creates a genuine issue of material fact on Plaintiffs' breach of contract claim which precludes summary judgment. Therefore, the Court **DENIES** Defendants' motion on the breach of contract claim. The Court will now proceed to analyze Plaintiffs' extra-contractual claims.

### B.   Extra-Contractual Claims

Defendants generally contend that Plaintiffs cannot succeed on their extra-contractual claims because they fail on the breach of contract claim and because "Plaintiffs have not alleged any facts that would give rise to an independent injury claim."[66] As an initial matter, the Court notes that it abated discovery in this case during the appraisal process. Thus, these issues have not been fully developed. Additionally, the question of whether an independent injury is required has recently been certified by the Fifth Circuit to the Texas Supreme Court.[67] And finally, the Court has found a fact issue on the breach of contract claim. Thus, the Court **DENIES** Defendants' motion for summary judgment on the extra-contractual claims.

### V.   Holding

For the foregoing reasons, Plaintiffs' motion for leave to file their first amended complaint is **DENIED**. Additionally, Defendants' motion for summary judgment is **DENIED** in its entirety. Furthermore, the Court herby **ORDERS** the parties' to appear for a status conference

---

[65] *Id*.
[66] *Id*.
[67] *In re Deepwater Horizon*, No. 14-31321, 2015 WL 7421978, at *7 (5th Cir. Nov. 19, 2015).

10 / 11

on **January 12, 2016 at 9 a.m**. The parties are also **ORDERED** to file an updated Joint

Discovery/Case Management Plan no later than 10 days prior to that date.

      IT IS SO ORDERED.

      DONE at McAllen, Texas, this 4th day of December, 2015.

Micaela Alvarez
United States District Judge